---

ᴏAMUEL Tʜᴏᴍᴘꜱᴏɴ *vs.* Cʜᴀʀʟᴇꜱ G. Bᴜʀɴʜᴀᴍ, Administrator.

The provision of the *St.* of 1855, *c.* 283, that the *St.* of 1852, *c.* 294, (which shortened from four to two years the period of limitation of actions by creditors against their debtor's executor or administrator,) shall not apply " to any right of action of any creditor of the estate of a deceased person against the executor or administrator of such person, which had accrued or existed against such deceased person, his executor or administrator, prior to the passage of said act," applies to a right of action against an executor or administrator who gave bond within two years before the passage of the act of 1855, and which existed against his testator or intestate prior to the passage of the act of 1852.

Aᴄᴛɪᴏɴ ᴏꜰ ᴄᴏɴᴛʀᴀᴄᴛ, commenced on the 27th of February 1857, upon two promissory notes, made to the plaintiff in 1850 and 1851, by the defendant's intestate, Nicholas White, late of Newton, in the State of New Hampshire, deceased, and payable on demand.   Answer, that the action was commenced more than two years after the defendant had given bond as adminis·

trator of White's estate in this commonwealth, although due
notice had been given of his appointment.

At the trial in the court of common pleas in Essex, it ap-
peared that White died in the summer of 1853, and that the
defendant's bond as administrator was given on the 8th of Au-
gust 1854. *Mellen*, C. J. ruled that the action was barred, and
the jury, by his direction, returned a verdict for the defendant.

The plaintiff alleged exceptions, which were argued at No-
vember term 1858 in Essex.

*W. P. Webster*, for the plaintiff.

*O. P. Lord*, for the defendant. This case is not within the
*St.* of 1855, *c.* 283, excepting from the operation of the *St.* of
1852, *c.* 294, " any right of action of any creditor of the estate
of a deceased person, against the executor or administrator of
such person, which had accrued or existed against such deceased
person, his executor or administrator, prior to the passage of this
act." The purpose of that provision was to confirm the de-
cision of this court in *King* v. *Tirrell*, 2 Gray, 332. It must be
construed as if limited to rights of action which had existed
" against such deceased person's executors or administrators."
There can be no right of action against a deceased person ; nor
against his executor or administrator until after his decease.
The policy of the statutes is to include only claims against his
estate. The court will not adopt a construction which gives
the longest time to sue upon the oldest debts.

SHAW, C. J. The defendant's intestate lived and died in
New Hampshire, without the jurisdiction of this commonwealth.
Administration was taken on his estate in the state of his domi-
cil; and subsequently administration was taken by the defend-
ant in this state, on the ground that there was estate here to be
administered. The plaintiff has had his domicil here ever since
the notes were given. There is no question in regard to the
general statute of limitations, because it never began to run in
the lifetime of the intestate.

The question is, whether the action is barred by the statute
limiting the time within which suit must be brought against
executors and administrators. The statute reducing the former

term of four years to two years, *St.* 1852, *c.* 294, was passed on the 20th of May 1852, and took effect in thirty days. Administration was taken and bond given by the defendant on the 8th of August 1854, and due notice thereof given by the defendant. This action was brought on the 27th of February 1857. It was therefore commenced more than two years after bond given, but within four years of that date, and within four years of the death of the intestate, if that fact is material. The act of 1855, *c.* 283, was passed on the 2d of May, and took effect from its passage.

A case upon the first of these acts, before the other was passed, came before this court, and has been reported. *King* v. *Tirrell*, 2 Gray, 331. In that case it was decided, as the true construction of the statute, notwithstanding some little vagueness of expression, that the statute did not apply to a case where the administration had been taken and the bond given before the statute passed.

Another case came before the court at November term 1857 in Suffolk. *Page* v. *Melvin*, 10 Gray, . In that case it appeared that the administration was taken and the bond given in April 1853, after the act of 1852 went into operation; and the two years' limitation terminated in April 1855. This was several weeks prior to the passage of the *St.* of 1855. It was argued that the case was within the excepted cases mentioned in the *St.* of 1855, to which it was enacted that the statute of 1852 should not apply. But it was answered, and decided by the court, that as the *St.* of 1855 was not passed until after the action had become barred under the operation of a law then in full force, the statute could not so operate retrospectively as to take away a bar to the action which had thus became absolute before its passage. *Wright* v. *Oakley*, 5 Met. 400.

This case differs from both the preceding, and the question is, whether it is exempted from the bar, which would have existed by force of the *St.* of 1852 limiting the action to two years; and was saved by the exceptions and qualifications of the *St.* of 1855. This act was passed and went into operation on the 2d of May 1855, at which time the two years from the administrator's bond given in April 1854 had not expired, and the action had not

therefore become absolutely barred, and therefore the principle of *Page* v. *Melvin* does not apply to it.

By this statute it is enacted that the *St.* of 1852 " shall not apply, or be construed to apply, to any right of action of any creditor of the estate of a deceased person, against the executor or administrator of such person, which had accrued or existed against such deceased person, his executor or administrator, prior to the passage of said act."

It is hardly necessary to criticise the language of this act, in declaring how a former act shall be construed. It is one of the familiar and first principles of law, that the making, altering and repealing of all laws pertain to the legislature of the Commonwealth ; but the construction and interpretation of them to its jurisprudence. But in construing legislative acts, we are to look at the substance rather than the letter, and ascertain, if possible, the intent of the legislature in any enactment, and carry it into effect if possible. All laws are, if possible, to act prospectively, and not to affect transactions already passed. When, therefore, it is declared that a past enactment shall be so construed as to have a certain effect, especially if it differs from a true judicial construction, it is equivalent to declaring that the enactment in question shall be so altered and modified as to have the declared operation ; and under the power of the legislature to make and alter laws, such enactment would be valid as to all acts occurring after its passage.

What then are the cases intended to be excepted from the operation of the act of 1852 ? We feel great doubt in answering this question. The act seems to be obscure and ambiguous. It is argued that the purpose of the act of 1855, in effect, was to confirm the decision in *King* v. *Tirrell,* which had preceded it, and to declare authoritatively that the act of 1852 should not apply to cases, where a cause of action against the executor had accrued to the creditor, before the passage of that act. If it had stopped at the words " such person," in the third line from the bottom, there would have been force in this argument. But it goes on more particularly to define the causes of action excepted, thus : " which had accrued or existed against such

deceased person, his executor or administrator." Here such "person" is put in direct contradistinction to his executor or administrator. But no right of action can accrue against the person deceased, nor against his estate in any other form than by an action against his representative. We think, therefore, it is equivalent to saying "which had accrued to the creditor against the debtor in his lifetime, or his representative after his decease." Had a different meaning been intended, it would have been easily expressed by saying "against the executor or administrator of such deceased person."

We are therefore of opinion that it is the true interpretation of the act of 1855, to except from the two years' bar all actions against executors and administrators, wherein the causes of action accrued to the creditor prior to the act of May 1852; leaving all which accrued afterwards, to the operation of the two years' bar. The effect of this will be to keep estates open four years, as formerly, where there are outstanding claims; but by the lapse of time these cases will be constantly diminishing.

In the present case, the causes of action, on which this suit was brought, having accrued to the creditor before May 1852, and the two years' bar not having run, when the act of 1855 came into operation, and extended the time from two to four years, as it well might, this action was not barred by the St. of 1852.                                    Exceptions sustained